O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMERON INTERNATIONAL CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>CONTINENTAL NATIONAL AMERICAN GROUP dba CNA, *et al.*,<br><br>  Defendants. | CASE NO. CV 11-06879 ODW (MANx)<br><br>Order **GRANTING** Defendants' Rule 56(d) Motion and **DENYING without prejudice** Plaintiff's Motion for Partial Summary Judgment [10] [Filed 10/13/11] |

## I. INTRODUCTION

Pending before the Court is Plaintiff, Ameron International Corporation's ("Ameron" or "Plaintiff"), Motion for Partial Summary Judgment. (Dkt. No. 10.) Defendants, Continental Insurance Company ("CIC") and Continental Casualty Company ("CCC") (collectively, "Defendants"), filed an Opposition on November 7, 2011, in which they moved the Court to deny Plaintiff's Motion pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d)"). (Dkt. No. 14.) Plaintiff filed a Reply on November 14, 2011. (Dkt. No. 17.) Having considered the arguments in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons discussed below, Defendants' Rule 56(d) Motion is hereby **GRANTED** and Plaintiff's Motion for Partial Summary Judgment is **DENIED without prejudice**.

## II. BACKGROUND

The underlying lawsuit in this insurance coverage dispute was brought against Ameron by Vicki Branville ("Branville"), who alleged that, between 1966 and 1971, she was exposed to asbestos fibers attached to clothing worn by her father and brother during their employment at an Ameron facility (the "Branville case"). (SUF Nos. 17, 18.)[1] Allegedly, as a result of this "second-hand" or "take-home" exposure, Branville eventually contracted mesothelioma and passed away. (SUF Nos. 19, 20.)

Between 1966 and 1971, Ameron maintained insurance coverage with five different carriers: (1) Defendant CIC, as successor to a comprehensive primary liability insurance policy issued by the Harbor Insurance Company for the period June 1, 1964 to June 1, 1967; (2) Defendant CCC, who issued a primary liability policy for the period June 1, 1969 to June 1, 1972; (3) Chubb, who issued a primary liability insurance policy for the period June 1, 1967 to June 1, 1969; (4) Fireman's Fund Insurance Company ("Fireman's Fund"), who issued a policy for the period June 1, 1972 to June 1, 1975; and (5) Truck Insurance Exchange ("Truck"), who issued a policy for the period June 1, 1975 to July 1, 1988. (SUF Nos. 1, 7; SGI No. 47.)

On May 2, 2011, the parties to the Branville case reached a $2.5 million settlement (the "Settlement") and Ameron submitted requests to the abovementioned insurers regarding funding for the Settlement. (SUF No. 28; SGI No. 49.) Defendants contend, and Plaintiff disputes, that the insurers agreed to allocate the Settlement, and to share indemnity and defense on a pro rata basis, calculated by time-on-risk. (SGI No. 54.) Subsequently, Chubb and CIC paid a portion of the settlement. (SGI Nos. 49, 50.) Fireman's Fund paid nothing, however, allegedly because it reached a separate settlement agreement with Ameron. (SGI No. 51.) Defendants assert, and Plaintiff disputes, that Truck paid less than its "pro rata" share of the Settlement because it unilaterally concluded that the $2.5 million settlement was unreasonable. (SGI Nos. 53-55.) As a

---

[1] The Court refers to Plaintiff's Statement of Uncontroverted Facts ("SUF"), (Dkt. No. 10-6), and Defendants' Statement of Genuine Issues ("SGI"), (Dkt. No. 15), to which Plaintiff filed a response, (Dkt. No. 17-2).

result of Truck's purported unwillingness to fund the entire settlement amount, there was a shortfall in Ameron's coverage. (SGI No. 53.)

On July 13, 2011, Ameron filed the instant case in Los Angeles Superior Court, alleging breach of contract and breach of the implied covenant of good faith and fair dealing against CIC and CCC. (Dkt. No. 1.) Defendants removed the action to federal court on August 22, 2011, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.*) Plaintiff then filed the instant Motion for Partial Summary Judgment on October 13, 2011, seeking "a determination that Defendants breached their respective policies in failing to provide sufficient coverage for [the Settlement]." (Mot. at 1.) Specifically, Plaintiff contends that: (1) CIC must fund the Settlement up to the policy limit of $5 million under California's purportedly "well-settled" "all-sums" rule; and (2) CCC must fund the Branville Settlement above the exhausted aggregate policy limit, because the limit applies only to completed operations claims, which does not include Branville's claim for "take-home" asbestos contamination. (*See* Mot. at 1-2; Pl.'s Mem. Re: Evid. Objections at 2.) Defendants dispute Plaintiffs contentions in this respect, and also argue that the instant Motion is premature under Rule 56(d).

### III.  LEGAL STANDARD

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." To obtain a postponement or denial of a motion for summary judgment to allow for further discovery, Defendants must show: "(1) [f]acts indicating a likelihood that controverting evidence exists as to material fact; (2) [s]pecific reasons why such evidence was not discovered or obtained earlier in the proceeding (*i.e.*[,] good cause); (3) [s]teps or procedures by which [Defendants] propose[] to obtain such evidence within a reasonable time; [and] (4) [a]n explanation of how those facts will suffice to defeat the pending summary judgment motion." *Thommeny v. Paramount Pictures Corp.*, No. CV 10–6951–VBF (FMOx), 2011 WL 2899340, at *2 (C.D. Cal. July 13, 2011) (citing Tashima, and Wagstaffe,

California Practice Guide: Fed. Civ. Proc. Before Trial, § 14:114 (Rutter Grp. Ed., 2008); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1101 (9th Cir. 2006)).

A Rule 56(d) "'continuance of a motion for summary judgment for purposes of conducting discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of evidence.'" *Stonebreaker v. Stonebreaker*, No. 11cv797 WQH (WVG), 2011 WL 5361155, at *4 (S.D. Cal. Nov. 4, 2011) (quoting *Burlington N. Santa Fe R.R. v. The Assiniboine and Souix Tribes of the Ft. Peck Reservation*, 323 F.3d 767, 773–74 (9th Cir. 2003)). Indeed, "[d]istrict courts should grant a Rule 56(d) motion 'fairly freely' where a summary judgment motion is filed before a party has had a realistic opportunity to pursue discovery relevant to its theory of the case." *U.S. Equal Opportunity Comm'n v. Dillard's Inc.*, No. 08–CV–1780–IEG (PCL), 2011 WL 4507068, at *2 (S.D. Cal. Sept. 28, 2011) (citing *Burlington Northern Santa Fe R.R.*, 323 F.3d at 773).

## IV.  DISCUSSION

The Court finds Defendants have met their burden to establish that further discovery is necessary and that postponement or denial of Plaintiff's Motion for Partial Summary Judgment is warranted.

The first and fourth elements stated above require Defendants to identify "[f]acts indicating a likelihood that controverting evidence exists as to material fact" and to explain "how those facts will suffice to defeat the pending summary judgment motion." *See Thommeny*, 2011 WL 2899340, at *2. Here, Defendants contend "discovery propounded by [Defendants] bears directly on the issues sought to be adjudicated in Ameron's motion for partial summary judgment, and would elicit admissible evidence to defeat Ameron's motion." (Crane Decl. ¶ 14.) First, Defendants seek production of the settlement agreement between Ameron and Fireman's Fund, which Defendants assert will allow them to demonstrate that: "(1) there is no uncompensated loss from the Branville claim, and thus, no shortfall; (2) to the extent Ameron agreed to provide indemnity protection to Fireman's Fund, Fireman's Fund's share of the Branville settlement would fall to Ameron, not as an insured, but as a contractual indemnitor, which

would not be subject to the "pay in full" or "all sums" rule on which Ameron relies; and (3) to the extent Ameron agreed with Fireman's Fund that Ameron would not seek from other insurers more than those insurers' pro rata share of loss (to protect Fireman's Fund against the contribution claim), Ameron would have no right to argue that Continental owes more than its pro rata share." (Crane Decl. ¶ 14.) Defendants further contend that there is evidence from an e-mail from Truck's counsel, who did have a copy of the settlement agreement, that the settlement agreement does contain a provision that Ameron would not seek from other insurers more than those insurers' pro rata share of loss. (*Id.*; Exh. I.)

Second, Defendants contend that Plaintiff's responses to Defendants' propounded discovery will produce evidence to controvert Ameron's assertion that the "completed operations coverage is inapplicable to the Branville claim." (Crane Decl. ¶ 16.) Specifically, Defendants maintain that: (1) Plaintiff's responses to the Requests For Admissions may establish that the completed operations coverage is, in fact, applicable, and that the limit has been exhausted; and (2) the discovery "seeks information concerning plant operation issues bearing on completed operations. (Crane Decl. ¶ 17.) Defendants claim that they "specifically demanded deposition transcripts in the Branville case, snippets of which are attached to Ameron's motion[,]" and Ameron failed to provide completed copies of these deposition transcripts until November 4, 2011, three days before Defendants' Opposition to the instant Motion was due. (*Id.*)

Defendants' arguments are well taken. Defendants identify specific pieces of evidence on which they would have relied in opposing Plaintiff's Motion and explain how these facts may controvert Plaintiff's material facts. This is sufficient to satisfy both the first and fourth elements. *See Thommeny*, 2011 WL 2899340, at *2; *cf. Roberts v. McAfee, Inc.*, --- F.3d ----, 2011 WL 5304115, at *10 (9th Cir. 2011) (upholding the district court's denial of plaintiff's Rule 56(d) motion because the evidence he sought "was not essential to [his] opposition; it would not affect the statute of limitations analysis . . . ."); *cf. Bess v. Cate*, 422 Fed. Appx. 569, 572 (9th Cir. 2011) (finding the denial of the plaintiff's motion to continue summary judgment proceedings was not an

5

abuse of discretion because the plaintiff "failed to set forth specific facts he hoped to elicit from further discovery, establish a basis for believing those facts existed, or explain how those facts were essential to opposing summary judgment."); *cf. Izaguirre v. Greenwood Motor Lines, Inc.*, No. CIV. 1:10–581 WBS, 2011 WL 5325658, at *7 (D. Idaho Nov.3, 2011) (denying the plaintiff's motion partly because he "fail[ed] to describe how the information sought would prevent summary judgment"); *cf. Gill v. TakeCare Ins. Co., Inc.*, No. C11–00003–JCC, 2011 WL 4901289, at *3 n.1 (D. Guam Oct. 14, 2011) (indicating that the plaintiff had "not stated any 'specified reasons' showing why she [was unable to] present facts essential to justify [her] opposition); *cf. U-Haul Intern., Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, No. CV–10–1047–PHX–SMM, 2011 WL 4104880, at *5 (D. Ariz. Sept. 15, 2011) (finding that the party seeking denial of summary judgment under Rule 56(d) "fail[ed] to describe the specific facts that it would uncover through additional discovery or adequately explain how additional discovery would enable it to defeat" the motion).

The second and third elements stated above require Defendants to state "[s]pecific reasons why such evidence was not discovered or obtained earlier in the proceeding (*i.e.*[,] good cause) and to identify "[s]teps or procedures by which [Defendants] propose[] to obtain such evidence within a reasonable time." *See Thommeny*, 2011 WL 2899340, at *2. Here, the procedural history of this case establishes the "good cause" required to satisfy the second element. This case was filed on July 13, 2011, approximately four months ago, and removed to federal court on August 22, 2011, a mere three months ago. (Dkt. No. 1.) Indeed, the docket reflects that Defendants have not yet filed an answer, the parties have not yet filed a Rule 26(f) Discovery Plan with the Court, the Court has not held a Scheduling Conference, and the Court has not issued a Scheduling and Case Management Order. Essentially, this case has not commenced beyond its infancy. *Cf. Lucio v. Smith,* No. C 08–0631 WHA (PR), 2011 WL 5508920, at *10 (E.D. Cal. Nov. 9, 2011) (denying the plaintiff's Rule 56(d) motion because he "had ample time to conduct discovery"); *cf. U.S. ex rel. McLean v. County of Santa Clara*, No. C05–01962 HRL, 2011 WL 5223076, at *22 (N.D. Cal. Oct. 31, 2011)

(denying plaintiff's motion for leave to conduct additional discovery because plaintiff had "nearly two-year preview of the issues raised by defendants' motion").

Moreover, with respect to the third element, Defendants' previously-propounded discovery establishes the steps by which Defendants seek to obtain discovery.[2] Specifically, on September 14, 2011, Defendants propounded the following: (1) Requests for Admission, Set No. 1; (2) Demand For Production of Documents, Set No. 1; and (3) Special Interrogatories, Set No. 1. (Crane Decl. ¶ 7, Exhs. A, B, C.) This is sufficient. *Cf. Hopkins v. Oakland Police Dept.*, 2011 WL 4536877, at *3 (N.D. Cal. Sept. 30, 2011) (finding that the plaintiff had provided "no compelling reason why he [was unable to] complete discovery . . . and require[d] additional time to do so" because the court ordered service of the complaint and informed the parties that they could engage in discovery more than one year prior to the summary judgment motion, and the plaintiff received the defendant's motion more than five months prior to its request to "stay" the motion).

In sum, given the abbreviated procedural history in this case, the fact that Defendants' attempts to obtain discovery have essentially been ignored, Defendants' explanation of what the proposed discovery will reveal, and their explanation of how that evidence may work to defeat Plaintiff's Motion for Partial Summary Judgment, the Court finds that Defendants have met their burden under Rule 56(d).

---

[2] In finding that Defendants have set forth a plan by which to obtain discovery, the Court does not hold that Defendants' requests are necessarily proper. To the extent Plaintiff wishes to object to the scope or content of such discovery requests, it may meet and confer with Defendants to discuss specific issues. If, after *good-faith* attempts to resolve discovery-related matters, the parties are unable to reach agreements, they may take such issues before Magistrate Judge Nagle.

## V. CONCLUSION

In light of the forgoing, the Court finds that Plaintiff's Motion for Partial Summary Judgment is premature. Accordingly, Defendants' Rule 56(d) Motion is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment is **DENIED without prejudice**.

**IT IS SO ORDERED.**

November 23, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE